UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JASON JEWETT,

                Plaintiff,

    vs.

MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP
& EXCALIBUR I, LLC,

                Defendants.
-----------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff JASON JEWETT ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendants MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP & EXCALIBUR I, LLC (collectively, "Defendants") respectfully sets forth, complains and alleges, on information and belief, the following:

## JURISDICTION

1.    This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendants and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

3.    Venue is proper in this District 28 U.S.C. § 1391(b)(1) and (2) because the acts and transactions occurred here, Plaintiff resides here, and Defendants reside and transact business here.

## PARTIES

4. Plaintiff Jason Jewett is a natural person who resides in the State of New York and County of Kings and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

5. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d.

6. Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP ("MJRF") is a debt collection law firm and New York business entity engaged in business of collecting or attempting to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 6851 Jericho Turnpike, P.O. Box 9036, Syosset, NY 11791-9036, and is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

7. Defendant Excalibur I, LLC ("Excalibur") is a debt collection agency and New York business entity engaged in business of collecting or attempting to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 3000 Marcus Avenue, Lake Success, NY 11042, and is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

8. Defendant Excalibur's registered agent in the state of New York is Moses & Schrieber, 3000 Marcus Avenue, Lake Success, NY 11042.

9. Defendants regularly attempt to collect consumer debts due to another in the State Courts in New York.

## **FACTUAL ALLEGATIONS**

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to the Defendants, Discover Bank and/or Discover Financial Services, Inc., either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to Excalibur for collection ("the alleged debt").

12. On information and belief, on a date better known to the Defendants, Excalibur, either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to MJRF for collection.

13. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

14. Plaintiff disputes the alleged debt.

15. The alleged debt went into default prior to being acquired by Defendants.

16. On information and belief, at some time during the past one year prior to the filing of this action, Defendants attempted to collect the alleged debt from Plaintiff.

17. The alleged debt that Defendants attempted to collect from Plaintiff arose out of transactions that were incurred primarily for personal, family or household purposes.

18. Defendants regularly collect or attempt to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

19. Defendants acted at all times mentioned herein through its representative(s), employee(s) and / or agent(s).

20. The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

21. In the year prior to the filing of the instant action the Defendants via their representative(s), employee(s) and / or agent(s) had telephone conversation(s) with Plaintiff and prosecuted a debt collection lawsuit against Plaintiff in the New York County Civil Court regarding the alleged debt.

22. Defendants' purpose for these telephone conversation(s) and debt collection lawsuit against Plaintiff in the New York County Civil Court was to attempt to collect the alleged debt.

23. The telephone conversation(s) and debt collection lawsuit against Plaintiff in the New York County Civil Court each individually conveyed information regarding the alleged debt directly or indirectly to the Plaintiffs.

24. The telephone conversation(s) and debt collection lawsuit against Plaintiff in the New York County Civil Court each individually constituted a "communication" as defined by FDCPA § 1692a(2).

25. In or about June 2004, MJRF and Excalibur, filed a lawsuit against Plaintiff in the New York County Civil Court, titled Excalibur I, LLC v. Jason Jewett, Index Number CV-32725/04 ("state action").

26. An Affidavit of Service was filed in the state action alleging that service of process had been made on Plaintiff on June 18, 2004 by leaving a copy of the summons and

4

complaint affixed to the door at 49 Ludlow Street, Apt #6C, New York, NY 10002 ("the subject premises") after speaking with "Mr. Marcelo, Building Superintendent".

27. Plaintiff had no such "superintendent" at the subject premises in June 2004 because Plaintiff had moved from the subject premises several years earlier, and, in fact, was residing in a different county on the date of the alleged service.

28. As a result of MJRF's and Excalibur's actions, Plaintiff failed to receive timely notice of the lawsuit against him for the alleged debt.

29. As a result of Plaintiff's failure to receive timely notice of the lawsuit against him, Plaintiff failed to answer the summons and complaint.

30. On or about August 25, 2004, MJRF and Excalibur obtained a "default judgment" against Plaintiff.

31. Defendants were not seeking to enforce an interest in real property in the state action.

32. Plaintiff did not sign any alleged credit contract that is the subject of the state action in the County of New York.

33. Plaintiff did not reside in the County of New York at the commencement of the state action.

34. Defendants knew or should have known that Plaintiff did not reside at 49 Ludlow Street, Apt #6C, New York, NY 10002 when the alleged credit contract was allegedly signed by Plaintiff.

35. Defendants knew or should have known that Plaintiff did not reside at 49 Ludlow Street, Apt #6C, New York, NY 10002 when the state action was commenced.

36. Defendants knew or should have known that Plaintiff was not given adequate notice of the commencement of the state action or notice of the default judgment.

37. Defendants violated 15 U.S.C. § 1692i.

38. In or about October 2012, Plaintiff received a notice from his bank that Defendants caused a Restraining Notice to be sent to his bank and his monies frozen.

39. Much to Plaintiff's surprise, Plaintiff discovered that Defendants caused the alleged debt to be reduced to a default judgment against him in a County in which Plaintiff did not reside at the commencement of the state action and in a County in which Plaintiff never signed the alleged credit contract.

40. As a result of Defendants actions and inactions in the state action, Plaintiff went to the Court and obtained copies of the documents filed by Defendants.

41. As a result of Defendants actions and inactions in the state action, Plaintiff could not reasonably have known about the unlawfully obtained default judgment until he received notice of restraint from his bank in or about October 2012.

42. Upon further review, Plaintiff was upset to discover that Defendants made false and misleading communications to the court in an attempt to collect the alleged debt and in an attempt to obtain a default judgment against Plaintiff unlawfully.

43. Plaintiff then retained the legal services of the Law Offices of Allison Polesky, P.C. to help him resolve the matter.

44. Upon further review of the documents Defendants presented to the court to obtain the default judgment, Plaintiff discovered that Defendants made numerous false and misleading communications to the court, including but not limited to, false and misleading statements in writing.

45. On or about May 1, 2013, Plaintiff through the undersigned legal counsel filed an Order to Show Cause and supporting sworn affidavit and documentation in the New York County Civil Court in the state action to vacate the default judgment under the New York Civil Practice Laws and Rules ("CPLR").

46. Plaintiff included with his Order to Show Cause to Vacate the Default Judgment a sworn affidavit in support and also a copy of a Verizon bill from June 2004 demonstrating Plaintiff's correct residential address at the time of commencement of the state action as 808 Driggs Avenue, Apt 502, Brooklyn, NY 11211-5367.

47. On or about May 9, 2013, pursuant to the Order of the New York Civil Court, Defendants MJRF and Excalibur were provided by first class mail a signed copy of Plaintiff's Order to Show Cause, sworn supporting affidavit, and a copy of a Verizon bill from June 2004 demonstrating Plaintiff's correct residential address at the time of commencement of the state action as 808 Driggs Avenue, Apt 502, Brooklyn, NY 11211-5367.

48. Along with the items in line 47 above, Plaintiff's counsel also included a "Stipulation Vacating Judgment and Discontinuing Action" for Defendants to sign given the proofs so provided by Plaintiff in support of the Order to Show Cause.

49. In lieu of executing the "Stipulation Vacating Judgment and Discontinuing Action" in the state action, Defendants continued to prosecute the state action against Plaintiff in an improper venue.

50. In lieu of executing the "Stipulation Vacating Judgment and Discontinuing Action" in the state action, Defendants continued to prosecute the state action against Plaintiff through the usage of false and misleading statements presented to both Plaintiff and the court.

51. On or about May 16, 2013, Defendants made additional false and misleading statements in writing in an attempt to collect the alleged debt when they opposed Plaintiff's motion/Order to Show Cause to Vacate the Default Judgment in the state action entered against him.

52. On or about May 16, 2013, Defendants made additional false and misleading statements in writing in an attempt to collect the alleged debt when they opposed Plaintiff's motion/Order to Show Cause by stating that Plaintiff did not allege an excusable default and a meritorious defense to the state action when in fact said statements are false.

53. On or about May 29, 2013, the default judgment in the state action was vacated and the state action dismissed with prejudice as per the order signed by the Honorable Jennifer G. Schecter.

54. On information and belief, from at least October 2012 through the present, Defendant Excalibur was not licensed to collect debts by the New York City Department of Consumer Affairs.

55. Defendant Excalibur's usage of the New York City Courts and/or attempts to collect the alleged debt from a New York City resident without the proper licensing is illegal and a violation of the FDCPA.

56. By obtaining an illegal judgment against Plaintiff, Defendants utilized false and deceptive means to coerce Plaintiff into paying the alleged debt.

57. Defendants never provided Plaintiff with a § 1692g notice.

58. Given the incorrect address information Defendants possess for Plaintiff, Plaintiff was never provided and could not have been provided a § 1692g notice.

59. "Because the FDCPA imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 33 (2d Cir.1996).

60. "A single violation of the FDCPA is sufficient to impose liability." <u>Zimmerman v. Portfolio Recovery Assocs., LLC,</u> 276 F.R.D. 174, 177 (S.D.N.Y. 2011).

61. These collection communications from Defendants were abusive, deceptive, misleading, unfair, unconscionable and illegal communications in an attempt to collect the alleged debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), 1692g(a), and 1692i(a)(2), amongst others.

62. As a consequence of the Defendants' action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs from each Defendant pursuant to FDCPA § 1692k.

63. The actions and inactions of Defendants, as plead in their entirety in this complaint, are deceptive and unlawful acts and practices directed at Plaintiff that caused him injury and/or actual damages.

64. As a consequence of the Defendants' action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to New York State General Business Law § 349.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

9

66. Defendant's debt collection attempts attempted and/or directed towards the Plaintiffs violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface.

   b. 15 U.S.C. §1692e-preface, (2)(A), (3), (5), (8), and (10).

   c. 15 U.S.C. §1692f-preface and (1).

   d. 15 U.S.C. §1692g(a).

   e. 15 U.S.C. §1692i(a)(2).

67. As a result of Defendant's violations of the FDCPA, Plaintiffs are, individually and not jointly, entitled to damages, attorney's fees and costs in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

68. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69. Defendants' debt collection efforts attempted and/or directed towards the Plaintiffs deceptive and unlawful acts and practices that violated New York State General Business Law § 349.

70. As a result of Defendants' above violations of the New York General Business Law, the Plaintiffs have been injured and/or damaged and are entitled, individually and not jointly, to damages, attorneys fees and costs in accordance with the New York General Business Law § 349.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JASON JEWETT demands judgment from the Defendants MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP & EXCALIBUR I, LLC as follows:

      A.      For actual damages provided and pursuant to 15 U.S.C. §1692k;

      B.      For statutory damages of $1,000.00 per Defendant individually provided and pursuant to 15 U.S.C. §1692k;

      C.      For damages, trebled, pursuant to New York General Business Law § 349;

      D.      For attorneys' fees, costs and disbursements;

      E.      For an award of pre-judgment interest on all sums awarded and/or collected;

      F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JASON JEWETT hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:      December 2, 2013

      Respectfully submitted,

      **LAW OFFICES OF ALLISON POLESKY, P.C.**

      By: <u>/s/ Allison Polesky</u>
      Allison Polesky, Esq. (AP5446)
      LAW OFFICES OF ALLISON POLESKY, P.C.
      1 S. Franklin St., Suite 2
      Nyack, New York 10960
      Phone:   914-610-3207
      Facsimile: 914-610-3770
      Email:   apolesky@poleskylaw.com
      Attorney for the Plaintiff Jason Jewett